Roberto Robledo (SBN 260041)
LAW OFFICES OF ROBERTO ROBLEDO
9845 Erma Road, Suite 300
San Diego, California 92131
(619) 500-6683
(619) 810-2980 fax
*roberto@robertorobledo.com*

Attorneys for Plaintiff Veronica Ruiz

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Veronica Ruiz**, an individual,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>**Riexinger & Associates, LLC,** a limited liability company<br><br>　　　Defendant. | Case No. '14CV0881 L   JMA<br><br>**Complaint for Damages**<br><br>Jury Trial Demanded |

## Introduction

1.　Veronica Ruiz ("Plaintiff"), brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Riexinger & Associates, LLC ("Defendants"), and their agents with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, causing Plaintiff damages.

2.　For purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendants named in this caption.

**Jurisdiction and Venue**

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C § 1367 for pendent state law claims.

4. This action arises out of Defendant's violations of the following: the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

5. Venue is proper in this District pursuant to 28 U.S.C § 1391(b), in that the Defendants transact business in this District and the acts giving rise to this action occurred in this District.

**Parties**

6. Plaintiff is a natural person who resides in the City of San Diego, County of San Diego, State of California and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C § 1692a(3).

7. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as the term is defined by Cal. Civ. Code § 1788.2(h).

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is a Georgia limited liability company operating from an address of 3100 Breckinridge Blvd., Ste. 722, Duluth, Georgia 30096-4985.

9. Plaintiff is informed and believes, and thereon alleges, that Defendants are persons who use an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts, owed

or due or asserted to be owed or due another and are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

10. Plaintiff is informed and believes, and thereon alleges, that Defendants are not attorneys or counselors at law and are persons and/or a law firm who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by Cal. Civ. Code § 1788.2(b), and are "debt collectors" as that term is defined by Cal. Civ. Code § 1788.2(c).

11. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**Factual Allegations**

12. At all times relevant, Plaintiff was an individual residing within the State of California.

13. Plaintiff is informed and believes, and thereon alleges, that all times relevant, Defendant conducted business in the State of California.

14. Sometime before June 2012, Plaintiff allegedly incurred financial obligations in the form of a credit card to Capital One that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by Cal. Civ. Code § 1788.2(d) and a "consumer debt" as that term is defined by Cal. Civ. Code § 1788.2(f).

15. These financial obligations were primarily for personal, family or household purposes, and are therefore "debt(s)" as that term is defined by 15 U.S.C. § 1692a(5).

16. Shortly thereafter, but before June 2012, Plaintiff fell behind in the payments allegedly owed on the alleged debt.

17. Plaintiff is informed and believes, and thereon alleges, that subsequent to falling behind in payments on the alleged debt for the credit card, the alleged debt was purchased by Bureaus Investment Group Portfolio No 15 LLC and assigned, placed, or otherwise transferred to Defendant for collection.

18. Defendant's various communications with Plaintiff discussed in this Complaint, including their collection letters, phone calls, and voicemail messages fall within the term "communication" as it is defined by 15 USC § 1692a(2) and a "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b).

### *November 4, 2013 Collection Letter*

19. In November, 2013, Defendant mailed Plaintiff a form collection letter dated November 4, 2013 in an attempt to collect a debt.   A true and correct copy of that collection letter is attached hereto as Exhibit "A".

20. The letter's letterhead identifies the sender as:

> Riexinger & Associates, LLC
> *Attorneys at Law*
> Ex. "A".

21. The first sentence in the first paragraph of the body of the letter states "The firm of Riexinger & Associates, LLC is a law firm representing BUREAUS INVESTMENT GROUP PORTFOLIO NO 15 LLC, the current creditor on the above referenced account…"  Ex. "A".

22. The first paragraph continues, "the above referenced matter has been placed with us for collection and such action as necessary to protect our client."  Ex. "A".

23. The signature block on the letter attributes the individual drafter and sender of the letter as:

Complaint—4

|   |   |
|---|---|
| 1 | Stephen P. Riexinger |
| 2 | Attorney at Law |
| 3 | Riexinger & Associates, LLC |
|   | Ex. "A". |

24. Upon reading the letterhead, the disclosure that Defendant is a law firm representing Plaintiff's creditor, the threat to take "such action as necessary", and the signature block in Defendant's letter, Plaintiff presumed as would the "least sophisticated consumer", that a lawyer had reviewed the file, made appropriate inquiry, and had exercised professional judgment in the drafting and sending of the letter. Yet no such involvement occurred.

25. Defendant makes the following disclaimer in the second paragraph of the letter in an effort to retract the appearance that the letter was reviewed and sent by a law firm: "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due." Ex. "A".

26. That statement fails to clarify Defendant's role in the collection of the debt and contradicts the Defendant's claims that they are a law firm representing Plaintiff's creditor and their threats to take "such action as necessary" and to pursue "additional remedies". Plaintiff believed as would the "least sophisticated consumer" that representation by a law firm and implications of legal proceedings would at the very least entail a cursory review of her account. Defendant's disclaimer instead serves to confirm that the requisite attorney involvement was lacking.

27. Plaintiff interpreted the letter, as would the "least sophisticated consumer", that statements from a law firm asserting to represent her creditor and threatening to take "such action as necessary" and to pursue "additional remedies" for failure to contact their office, signed by the named partner of the law firm

1 meant her account had been escalated by the hiring of the law firm to take steps,
2 including the filing of a lawsuit to collect the account.

3     28.    Upon information and belief, Defendant sends this form collection
4 letter on a massive scale in its capacity as a debt collector only and not in any legal
5 capacity as Plaintiff or the "least sophisticated consumer" would reasonably
6 expect.

7     29.    Upon information and belief, Defendant does not pursue legal action
8 against consumers in the State of California for the debts they attempt to collect.

9     30.    Defendant sent a letter to Plaintiff with the intent to scare, mislead,
10 and deceive Plaintiff into believing that the letter was sent in the capacity of an
11 attorney and law firm and that legal action by Defendant was imminent if she did
12 not contact their office.  Unbeknownst to Plaintiff, Defendant was only acting as a
13 debt collector and never intended to take such actions.

14     31.    For the reasons stated above, Defendant's form collection letter to
15 Plaintiff violates 15 U.S.C. §§ 1692e, 1692e(3), 1692e(5), and 1692e(10)  which
16 prohibit debt collectors from using any false, deceptive, or misleading
17 representation or means in connection with the collection of any debt, the
18 implication that any individual is an attorney or that any communication is from an
19 attorney, the threat to take any action that cannot be legally taken or that is not
20 intended to be taken, and the use of any false representation or deceptive means to
21 collect or attempt to collect any debt.

22     32.    In violating 15 U.S.C. §§ 1692e, 1692e(3), 1692e(5) and 1692e(10),
23 Defendant's actions also violated Cal. Civ. Code § 1788.17.

24     ***Defendant's Voicemail Messages to Plaintiff***

25     33.    On February 17, 2014, Defendant called Plaintiff and left a voicemail
26 for Plaintiff.  That voicemail message is transcribed below in its entirety.

27     "This is a call from Riexinger and Associates, LLC, this
28     call is from a debt collector.  Please call 800 713-7780."

Complaint—6

34. On March 4, 2014, Defendant called Plaintiff and left a voicemail for Plaintiff. That voicemail message is transcribed below in its entirety.

> "This is a call from Riexinger and Associates, LLC, this call is from a debt collector. Please call 800 713-7780."

35. On March 14, 2014, Defendant called Plaintiff and left a voicemail for Plaintiff. That voicemail message is transcribed below in its entirety.

> "This is a call from Riexinger and Associates, LLC, this call is from a debt collector. Please call 800 713-7780."

36. On March 18, 2014, Defendant called Plaintiff and left a voicemail for Plaintiff. That voicemail message is transcribed below in its entirety.

> "This is a call from Riexinger and Associates, LLC, this call is from a debt collector. Please call 800 713-7780."

37. 15 USC § 1692d(6) requires meaningful disclosure of the caller's identity in the placement of a call. Cal. Civ. Code § 1788.11(b) similarly prohibits the placement of telephone calls without disclosure of the caller's identity. In all of the voicemail messages, Defendant fails to identify the name of the caller, therefore violating 15 USC § 1692d(6) and Cal. Civ. Code § 1788.11(b).

38. In violating 15 USC § 1692d(6), Defendant's actions also violated Cal. Civ. Code § 1788.17.

**First Claim for Relief—Violations of the Fair Debt Collections Practices Act**
**15 USC § 1692 et seq.**

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 USC § 1692 et seq.

41. As a result of each and every one of Defendant's violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 USC §

1692k(a)(1);  statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## Second Claim for Relief—Violation of the Rosenthal Fair Debt Collection Practices Act §§ 1788-1788.32 (RFDCPA)

42.     Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

43.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code §§ 1788-1788.32.

44.     As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## Prayers for Relief

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant, and Plaintiffs be awarded damages for Defendant, as follows:

### Fair Debt Collection Practices Act

1. an award of actual damages pursuant to 15 USC § 1692k(a)(1) in an amount to be adduced at trial, from Defendant
2. an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendant;
3. an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**Rosenthal Fair Debt Collection Practices Act**

4. an award of actual damages pursuant to Cal. Civ. Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;
5. an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), from Defendant;
6. an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), from Defendant.

**Trial By Jury**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury.

Dated:   April 14, 2014.            Law Offices of Roberto Robledo

*/s/ Roberto Robledo*

Attorneys for Plaintiff

# Exhibit A

**Riexinger & Associates, LLC**
*Attorneys at Law*
P. O. Box 956188
Duluth, GA 30095-9504
(800) 713-7780



| | | |
|---|---|---|
| File No.: | 1034516 | 11/04/2013 |
| Account #: | ▇▇▇▇▇▇▇▇3837 | |
| Current Balance: | $857.81 | |

Dear Veronica Ruiz:

The firm of Riexinger & Associates, LLC is a law firm representing BUREAUS INVESTMENT GROUP PORTFOLIO NO 15 LLC, the current creditor of the above referenced account which originated with CAPITAL ONE CARD SERVICES, INC.. In this regard, the above referenced matter has been placed with us for collection and such action as necessary to protect our client.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.

If you have any questions regarding this matter, please contact this office at 678-205-1597 or toll free at 800-713-7780 between the hours of 8:00 A.M. and 8:00 P.M. on Monday through Friday.

### CONSUMER NOTICE PURSUANT TO 15 U.S.C. SECTION 1692(G)

You are hereby given notice of the following information concerning the above referenced debt: 1. Unless, within 30 days after receipt of this notice you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the creditor and by this Firm. 2. If you notify us in writing within said 30 days that the debt, or any portion thereof is disputed, we will obtain verification of the debt, or a copy of any judgment against you, and we will mail such verification to you. 3. In addition, upon your written request within said 30 days, this Firm will provide the name and address of the original creditor if the original creditor is different from the current creditor. 4. This firm is attempting to collect a debt on behalf of the creditor and any information obtained will be used for that purpose. YOUR RIGHTS UNDER FEDERAL LAW TO REQUEST VERIFICATION OF YOUR OBLIGATION TO OUR CLIENT WITHIN 30 DAYS MUST BE ASSERTED IN WRITING AND IS NOT AFFECTED BY OUR REQUEST THAT YOU CONTACT OUR OFFICE BY TELEPHONE.

Sincerely,

Stephen P. Riexinger
Attorney at Law
Riexinger & Associates, LLC

IN REGARD TO THIS COMMUNICATION, RIEXINGER & ASSOCIATES, LLC IS ACTING AS A DEBT COLLECTOR AND THIS IS A COMMUNICATION FROM A DEBT COLLECTOR, AS DEFINED BY U.S.C. 1692 (A)(6). THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
**PLEASE REFER ALL CORRESPONDENCE TO RIEXINGER & ASSOCIATES, LLC**

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

--- Detach and return below portion with payment. ---

Riexinger & Associates, LLC
P.O. Box 956188
Duluth, GA 30095-9504

06790

File Number:    1034516

Visa [ ]  MasterCard [ ]
Card Holder Name: _____
Card Holder Signature: _____
CREDIT CARD NO.:
[ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]
EXPIRATION DATE:        PAYMENT AMOUNT:
[ ][ ][ ][ ]             $_____

REMIT TO:

Riexinger & Associates, LLC
P.O. Box 956188
Duluth, GA 30095-9504

Pay your bill online for FREE at www.riexingerlaw.com

45968-04*33*********************AUTO**MIXED AADC 350
Veronica Ruiz
▇▇▇▇▇▇▇▇▇▇▇▇

Name:    Veronica Ruiz

0001B  05/05